```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:06-00032

**MARTHA YVONNE OXLEY**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On March 13, 2013, the United States of America appeared by Meredith George Thomas, Assistant United States Attorney, and the defendant, Martha Yvonne Oxley, appeared in person and by her counsel, Thomas W. Smith, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Troy A. Lanham, the defendant having commenced a one-year term of supervised release in this action on April 4, 2012, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on November 18, 2011.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant used and possessed marijuana as evidenced by positive urine specimens submitted by her on October 31, November 13, December 5 and December 18, 2012, January 8 and 23, and February 4, 2013, as admitted by her on the record of the hearing; (2) that the defendant used and possessed amphetamine and methamphetamine as evidenced by positive urine specimens submitted by her on November 13, 2012, and February 4, 2013, the defendant having admitted on the record of the hearing that the tests were positive; (3) that the defendant failed to answer truthfully inquiries from the probation officer regarding her residence on October 31, 2012, as admitted by her on the record of the hearing; (4) that the defendant failed to notify the probation officer of her change in residence on two occasions as admitted by her to the probation officer and as admitted by her on the record of the hearing; (5) that the defendant frequented places where marijuana was being sold illegally on October 31 and December 18, 2012, as admitted by her to the probation officer and as admitted by her on the record of the hearing; and

(6) that the defendant associated with persons who possessed and were engaged in the sale of marijuana and associated with convicted felons without permission on October 31, 2012, as admitted by her to the probation officer and as admitted by her on the record of the hearing; all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of

**the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of six (6) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that: (1) she spend a period of SIX (6) MONTHS on home confinement at the home of her sister, Melissa Beckner, to be monitored electronically at her expense, during which time the defendant shall remain continuously at her residence except for the following approved absences: (a) lawful, gainful employment; (b) medical emergency; and (c) any other purpose which has the prior approval of the probation officer; and (2) that she participate in drug abuse counseling and treatment as directed by the probation officer.**

**The defendant was remanded to the custody of the United States Marshal.**

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: April 25, 2013

John T. Copenhaver, Jr.
United States District Judge